GREEN v. IREDELL.

Certain parties who were legatees under the will of their uncle and also claimants of their father's estate, submitted all matters in dispute between themselves to arbitrators, who (under a power given them) converted the property into money, and made their award sustaining *inter alia* the father's will, which gave his entire property to his daughter, S.  For a balance in the hands of these arbitrators, belonging to the father's estate, S. brought her action.   The court thought it safer not to direct a payment of this balance to S. until the executors of her father's will were made parties to the action.

Before FRASER, J., Richland, April, 1886.

The opinion sufficiently states the case.

*Messrs. Lyles & Haynsworth*, for appellants.

*Mr. B. L. Abney*, contra.

April 21, 1887.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   Dr. John Green, of Worcester, Massachusetts, left a will by which he devised and bequeathed a large real and personal estate at or near Columbia, S. C., to his brother, Dr. Frederick W. Green, in trust for the use of the said Frederick W. for life, with limitation over after his death to his children.   In 1881, the said Frederick W. departed this life in Columbia, leaving surviving nine children, of whom the plaintiff, Sarah, is one.   At the time of his death he was found to be in possession of a considerable estate, real and personal, all of which, as it is stated, he undertook to give to one of his children, the said Sarah; but there is no copy in the Brief of the paper purporting to be his last will and testament, and it does not appear

that it was ever admitted to probate, or that any executor or administrator with the will annexed ever undertook to administer it.

Disputes arose between the children in relation to their respective rights and interests "in and to the property and estate of their (our) uncle, John Green, &c., devised and bequeathed to their (our) late father, Frederick W. Green, upon certain conditions and trusts in his last will and testament set forth and expressed; and also in regard to a paper purporting to have been executed by their (our) late father, Frederick W. Green, as his last will and testament," &c. And in order to settle these differences they all, under their hands and seals, appointed C. J. Iredell and D. C. Peixotto "as arbitrators to award, order, judge, and determine of and concerning the same; the award to be made by said arbitrators to be faithfully kept, observed, and performed." Afterwards the arbitrators were given the power to sell the property, "and to pay over to them (us) from the proceeds of sale such portions as will be equal to the share or interest in the whole estate awarded to us respectively by the judgment of said arbitrators, to which we shall each be entitled," &c.

The arbitrators, among other things, awarded that "the estate of F. W. Green was indebted to the trust estate of his brother John in the sum of $18,604.76, and that no part thereof shall be subject in any way to the control of the executors of the last will of Dr. F. W. Green, until the entire trust estate above referred to, be accounted for. * * * That after the trust estate is made whole, the will of Dr. F. W. Green shall determine the distribution of all the individual estate of the said Frederick W., and the said individual estate shall go as is therein provided," &c. (See papers printed in the Brief.) The arbitrators sold the property and settled so much as was trust estate, but it seems that there was still left in their hands $351.89 of the individual estate of Dr. F. W. Green, and this action was brought to recover it from them by Sarah Green, the sole legatee and devisee under the paper purporting to be the will of F. W. Green, which by the submission to arbitration was "to determine the distribution" of what turned out to be his individual estate. The defendants put in an oral demurrer that the complaint did not state facts suffi-

cient to constitute a cause of action, and denied their liability to pay the amount in their hands to any one but the executors of F. W. Green.

Judge Fraser overruled the demurrer, and proposed to entertain a motion to make the executors parties, if the defendants really apprehended any danger. But no such motion being made, he heard the case and rendered a decree for the plaintiff. The defendants appeal to this court upon the following exceptions: First, to the order overruling the demurrer: because the complaint not having alleged that the executors of the will of F. W. Green, deceased, had assented to the legacy of the plaintiff, his honor should have held that said complaint did not state facts sufficient to constitute a cause of action in favor of the plaintiff, and should have dismissed the complaint. Second, to the decree: because it not appearing, from the allegations of the complaint or the evidence that the executors of the will of F. W. Green *had assented* to the legacy to the plaintiff, his honor should not have decreed for the plaintiff, but should have dismissed her complaint with costs.

It will not be necessary to consider the demurrer separately, as both exceptions make substantially the same point. It is clear that the plaintiff is entitled to the money in the hands of the defendants, and it is equally clear that they received it under the sale and power of attorney; and the only question is, whether she can recover it directly from them, or it must first make the circuit of going to the executors of the will, and from them to her. The defence therefore seems technical. The arbitrators had no dealing with any person or persons known as the executors of F. W. Green. On the contrary, they received the property and sold it only by the authority of the children, distributees of F. W. Green; and it would seem that their accountability should be directly to those for whom they acted. In accepting the business, what did they undertake to do? This must be determined by the submission and power of attorney under which they acted. All the matters in controversy, including the very validity of the paper purporting to be the will of F. W. Green, were referred to their arbitrament, and they were expressly empowered to sell all the property and to "pay over to them (us)

severally such proportional share or part of such proceeds as will be equal to the share or interest *in the whole estate* to each of us respectively by the judgment of the arbitrators under said submission," &c.

Considering the submission and the power of attorney in connection with the fact that one of the very matters referred was as to the validity of the paper purporting to be the will of F. W. Green, we cannot doubt that the parties intended, without regard to the said paper or the executors under it, to place under the control of the arbitrators the whole estate, including what might turn out to be the estate proper of F. W. Green, as well as the trust estate of John Green embraced in it. The award was afterwards made, and one of its provisions may seem at first not to consist with this view. After ascertaining how the account stood between the two estates, it declares that "the will of F. W. Green shall determine the distribution of all the individual estate of Dr. Frederick W. Green, and the individual estate shall go as therein provided, after properly accounting for $18,604.76, trust estate," &c. But we do not understand this to be a decision that such money should be paid over to the executors of F. W. Green, if any there might be, but rather as indicating how, in what proportions, and to whom, the payment should be made by themselves.

It is said, however, that the award recognized the will of F. W. Green as valid to dispose of his estate proper, and directed that it should be paid out according to its terms, and that such incidental recognition restored, in effect, the right of the executors of his will to recover the same wherever it may be found. Ordinarily the assent of the executor is necessary to the recovery of a legacy, for the obvious reason that he is charged with the payment of the debts of the testator. It is true, it does not appear here that there are any debts of testator, F. W. Green, unpaid, or, indeed, that there are any qualified executors of his will; but as there may possibly be debts, and the court is always disinclined to order a legacy paid until it is clearly ascertained that the debts are all paid, we think it safer that the case should go back, with leave to the plaintiff to amend her complaint, so as to make the executors of F. W. Green parties.

ᐧ It is the judgment of this court that the judgment of the Circuit Court be reversed without prejudice; and that the cause be remanded to the Circuit Court with leave to the plaintiff to amend her complaint, if so advised, by making parties the executor or executors of F. W. Green, deceased.